UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWIN MURILLO | CIVIL ACTION |
| VERSUS | No. 18-3753 |
| GOMEZ DRYWALL CONTRACTORS, INC. | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court are a *Joint Motion to Enter Conditional Certification and Collective Action Notice Order* **(Rec. Doc. 18)** and Plaintiff's *Motion for Conditional Certification* **(Rec. Doc. 14).** Having considered the motion, the record, and the applicable law, the Court finds, for the reasons expressed below, that the Joint Motion should be **GRANTED**. Accordingly, Plaintiff's Motion should be **DENIED as moot**.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Edwin Murillo, a former general laborer for Gomez Drywall Contractors, Inc. ("Gomez"), has brought this action under the Fair Labor Standards Act ("FLSA") against his employer on his behalf and on behalf of those similarly situated. Plaintiff alleges that he has been employed by Gomez since December of 2017, and that during that time he has not been paid overtime despite regularly working 55 hours a week. Moreover, Plaintiff alleges that since at least April 10, 2015, Gomez has classified and paid all of its general laborers in this manner. (Rec. Doc. 1 at 5). Thus, Plaintiff alleges that there was a common pay practice concerning

a class of individuals who performed the same essential job functions and duties. Parties now jointly ask this Court to certify the class. (Rec. Doc. 18).

Parties also ask this Court to order Gomez to provide a list of all persons who may potentially opt in, as well as their last-known addresses, e-mail addresses, telephone numbers, and dates of employment. Additionally, Parties ask the Court to approve their proposed "Notice of Collective Action Lawsuit," a "Consent to Sue" form for potential class plaintiffs, and telephone, voicemail, and text message scripts. Parties' proposed order further breaks down the time periods for giving notice and delivering receipts for opt-ins.

## **LEGAL STANDARD**

If an employer who is engaged in interstate commerce fails to pay its employees the overtime pay they are owed, an employee may bring an action against the employer on behalf of himself and the other employees similarly situated. 29 U.S.C. §§ 207, 216. This Court depends on a set of well-developed standards to determine whether to conditionally certify a class:

> To certify a collective action under the . . . FLSA, . . . two requirements must be met. First, the named representatives and the putative members of the prospective FLSA class must be similarly situated. . . . Second, the action at issue must have a general effect. . . . A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice. . . . To resolve the question whether putative collective action members are similarly situated, courts may employ a two-step analysis for conditional certification as established by the Fifth Circuit in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). First, at the so-called "notice stage," the district court decides whether notice of the action should be given to potential class members. . . . This decision is usually based only on the pleadings and any affidavits which have been submitted. . . . It is made

2

> applying a fairly lenient standard, and usually results in "conditional certification" of a representative class. . . . At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. . . . Following conditional certification, putative class members are given notice and the opportunity to opt in to the collective action. . . . The case then proceeds throughout discovery as a collective action. . . . A second step takes place later on, when and if the defendant files a motion for decertification, after more extensive discovery has taken place.

*Perez v. City of New Orleans*, No. CIV.A. 12-2280, 2014 WL 1365955, at *1–2 (E.D. La. April 7, 2014) (quoting *Donahue v. Francis Servs.*, Inc., No. 04–170, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004). "Even where a motion for conditional certification is unopposed, courts still evaluate whether plaintiffs have met the required standard." *Crowley v. Paint & Body Experts of Slidell, Inc.*, No. CIV.A. 14-172, 2014 WL 2506519, at *4 (E.D. La. June 3, 2014)

## **DISCUSSION**

Here, Mr. Murillo submitted an affidavit (Rec. Doc. 14-3) in which he avers that he was never paid 1 ½ times his normal rate for working longer than 40 hours in a week. He states that he worked more than 40 hours each week for Gomez since he began as a general laborer for the firm at or around December 25, 2017. Furthermore, he swears he has spoken with other general laborers who worked for Gomez, who allege they also have not been paid overtime. He names two such individuals: Yony Ramirez and Marvin E. Ruiz.

The Court finds that the general laborers of Gomez who have been denied earned overtime pay from April 10, 2015 through the present date are similarly situated because they are together the victims of an alleged single policy of Gomez

3

to decline to pay its general laborers earned overtime pay. This suit does not appear to arise from circumstances purely personal to Edwin Murillo; rather, it appears that the alleged policy of Gomez would affect all of the general laborers working for Gomez during the relevant period. Therefore, the Court finds that this class should be conditionally certified, and potential class members should be given notice and an opportunity to opt into this collective action.

Furthermore, the Court has reviewed the proposed Notice (Rec. Doc. 18-2) and the proposed "Consent to Sue" form (Rec. Doc. 18-3), and both appear to be appropriate. Therefore, these documents are approved. Additionally, the Court finds that Gomez shall provide the information that plaintiff's counsel seeks, which will enable counsel for the class to send the Notice and Consent to potential class members.

The Court also notes that this is a circumstance in which it may be especially difficult to give potential class members notice. Therefore, the Court approves contacting potential class members electronically and by telephone. The Court approves of the proposed e-mail notice (Rec. Doc. 18-4) and the proposed telephone scripts (Rec. Doc. 18-5).

## CONCLUSION

Accordingly,

1. **IT IS ORDERED** that the *Joint Motion to Enter Conditional Certification and Collective Action Notice Order* **(Rec. Doc. 18)** is **GRANTED**.

2. **IT IS FURTHER ORDERED** that *Plaintiff's Motion for Conditional Certification as a Collective Action and Notice to Potential Class Members* **(Rec. Doc. 14)** is **DENIED as moot**.

3. **IT IS FURTHER ORDERED** that a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") is conditionally certified to include the following persons: All individuals who worked for Gomez Drywall Contractors, Inc. as a general laborer at any time since April 10, 2015 and were not paid overtime.

4. **IT IS FURTHER ORDERED** that pursuant to 29 U.S.C. § 216(b), Collective Action Notice and Consent forms shall be mailed and e-mailed (if applicable) to potential opt-ins in accordance and consistent with this Order.

5. **IT IS FURTHER ORDERED** that no later than thirty (30) days after entry of this Order, Defendant's counsel shall provide Plaintiff's counsel with a list of all potential opt-ins in a computer-readable data file containing names, last-known addresses, e-mail addresses, telephone numbers, and dates of employment, to the extent such information is currently in Defendant's possession.

6. **IT IS FURTHER ORDERED** that no later than forty-five (45) days after entry of this Order, Plaintiff's counsel shall send copies of the collective action notice and consent forms to each potential opt-in by first class U.S. mail and e-mail (if applicable). In making such e-mails, Plaintiff's

counsel will use the approved form e-mail (Rec. Doc. 18-4). A self-addressed and stamped envelope will be enclosed with the collective action notice and consent forms for return by U.S. postal mailing. With the exception of circumstances outlined in paragraph 8 below, Plaintiff's counsel shall be limited to one mailing and one e-mailing per potential class member.

7. **IT IS FURTHER ORDERED** that potential opt-ins shall have sixty (60) days following mailing of the notice and consent forms to return the forms by mail, fax, or e-mail to Plaintiff's counsel. A consent postmarked on the deadline is considered timely. Consents received by mail without postmarks shall be considered timely if received within five (5) business days of the deadline. Plaintiff's counsel shall date stamp the returned consents on the day they are received in counsel's office and retain any envelope or other evidence showing the date the consent form was postmarked or fax-stamped or otherwise received.

8. **IT IS FURTHER ORDERED** that Plaintiff's counsel shall submit signed consents to the Court within five (5) business days of their receipt.

9. **IT IS FURTHER ORDERED** that for any Notice and Consent Form returned by the U.S. Post Office as undeliverable, Plaintiff's counsel may then attempt to call and/or text message the potential opt-in to obtain a current address. In making such telephone calls, Plaintiff's counsel's staff will use the approved telephone scripts (Rec. Doc. 18-4).

In sending such text messages, Plaintiff's counsel's staff will use the following message: "If you worked for Gomez Drywall Contractors, Inc. at any time since April 10, 2015, you may be entitled to join a lawsuit claiming back pay and overtime wages. For additional information about the case, including how to join, please call the workers' attorneys at 504-833-5600."

10. **IT IS FURTHER ORDERED** that nothing herein will be construed as an admission of liability on Defendant's part, nor will anything be construed to limit either party's ability to raise any claim or defense not within the scope of this Order, including, without limitation, Defendant's ability to file a motion for decertification if it so chooses at the close of discovery.

New Orleans, Louisiana this 16th day of August, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE